United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNIFER WHITEHEAD,
Plaintiff,
v.
REPUBLIC SERVICES, INC.,
Defendant.

Case No. 3:25-cv-01531-JSC

**ORDER RE: PLAINTIFF'S ADMINSTRATIVE MOTION TO SEAL**

Re: Dkt. No. 65

Plaintiff's administrative motion to seal portions of her opposition to Defendant's motion for summary judgment and Exhibits 13, 14, and 15 thereto is now pending before the Court. (Dkt. No. 65.) For the reasons set forth below, the motion is DENIED as to the redactions in her opposition brief and DENIED WITHOUT PREJUDICE as to the exhibits.

There is a right of public access to judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In considering motions to seal, "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). So, parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption of access with "compelling reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (cleaned up).

In addition, parties moving to seal documents must comply with the procedures set forth in Civil Local Rule 79–5. The rule permits sealing only when the parties have established "the applicable legal standard and the reasons for keeping a document under seal, including an

explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *See* N.D. Cal. Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 also requires the parties to "narrowly tailor[ ]" their requests only to the sealable material. *Id.* L.R. 79-5(c)(3). Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11–cv–00410–YGR, 2012 WL 1497489 at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

Plaintiff seeks to file under seal exhibits containing "physicians' and therapists' treatment notes, a work status report and chiropractic records, together with her medical record number and personal information" as well as portions of her opposition brief quoting these documents. (Dkt. No. 65 at 2.) Plaintiff contends she "has a strong interest in the privacy of her medical information" and sealing is appropriate because the parties agreed all medical records would be designated as confidential under the parties' protective order. (*Id.*) Plaintiff has failed to meet her burden of demonstrating compelling reasons for sealing the information in her opposition brief and for sealing the exhibits in their entirety.

First,"[t]he fact that information in documents has been designated confidential under the terms of a stipulated protective order is insufficient, on its own, to justify sealing." *U.S. Equal Emp. Opportunity Comm'n v. Fresh Venture Foods, LLC*, No. 2:21-CV-07679-CBM-DFM, 2025 WL 3049569, at *1 (C.D. Cal. June 3, 2025) (collecting cases). Second, while portions of the medical records may well be properly sealable, the basis for Plaintiff's disability claim—which she seeks to redact from her opposition brief—is not. *See Coppinger v. Don Sanderson Ford Inc.*, No. CV-25-00100-PHX-DWL, 2025 WL 1000738, at *2 (D. Ariz. Apr. 3, 2025) ("Where a party puts certain information at issue, that party's ability to claim a privacy interest in that information is weakened" and collecting cases re: same).

Accordingly, the motion is denied as to the material in Plaintiff's opposition brief and the related portions of her medical records. Plaintiff has put her medical condition at issue by filing

this lawsuit and contending she needed time off work to attend medical appointments as a reasonable accommodation. She nonetheless seeks to redact her medical records in their entirety, including the basis of her claim of disability and even the dates of her medical appointments. *See, e.g.*, *Dunsmore v. San Diego Cnty. Sheriff's Dep't*, No. 20-CV-00406-AJB-DDL, 2025 WL 2218766, at *2 (S.D. Cal. Aug. 5, 2025) (concluding the plaintiff's request for sealing was narrowly tailored when the "exhibits at issue make references to Plaintiffs' medical issues unrelated to the medical issues identified in the person's declaration and thus unrelated to the underlying motion."). She has not demonstrated compelling reasons for sealing such critical evidence. The motion to file Exhibits 13, 14, and 15 is denied without prejudice to refiling a more narrowly tailored request that requests redaction of her private medical information not at issue in this action.

This Order disposes of Docket No. 65.

**IT IS SO ORDERED.**

Dated: October 30, 2026

JACQUELINE SCOTT CORLEY
United States District Judge