UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER WHITEHEAD,<br>Plaintiff,<br>v.<br>REPUBLIC SERVICES, INC.,<br>Defendant. | Case No. 3:25-cv-01531-JSC<br>**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 58 |

Jennifer Whitehead brings disability discrimination, denial of reasonable accommodation, retaliation, and related claims against her former employer Republic Services, Inc. Defendant's motion for summary judgment came before the Court for hearing on November 5, 2026. (Dkt. No. 58.[1]) For the reasons stated on the record, the Court DENIED Defendant's motion for summary judgment as to Plaintiff's claims. For the reasons set forth below, the Court DENIES the motion for summary judgment as to punitive damages.

**DISCUSSION**

Punitive damages are available for FEHA violations "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice...." Cal. Civ. Code § 3294(a). But, under California law, an employer may not be held liable for punitive damages based upon the acts of its employees unless the employer (1) "had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others," (2) "authorized or ratified the wrongful conduct for which the damages are awarded," or (3) "was personally guilty of oppression, fraud, or malice." *Id.* § 3294(b). "With

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." *Id*. The term "managing agent" is meant "to include only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." *White v. Ultramar, Inc*., 21 Cal. 4th 563, 566–67 (1999). Corporate policy includes policies that "affect a substantial portion of the company and that are the type likely to come to the attention of corporate leadership." *Roby v. McKesson Corp*., 47 Cal. 4th 686, 715 (2009). "It is this sort of broad authority that justifies punishing an entire company for an otherwise isolated act of oppression, fraud, or malice." *Id*.

Plaintiff insists Chris Stanford, Republic's Vice President of Procurement Supply Chain, and Jill Horner, Republic's Director of Corporate Human Resources, were managing agents who ratified the wrongful conduct alleged in this action. Defendant, as the party moving for summary judgment, bears the burden of identifying evidence sufficient to constitute a prima facia showing Stanford and Horner were not managing agents. *See Davis v. Kiewit Pac. Co*., 220 Cal. App. 4th 358, 369 (2013).

"Whether someone is a 'managing agent' is a question of fact and the individual does not need to occupy any 'particular level' or 'official title.'" *Pande v. Chevrontexaco Corp*., 359 F. App'x 769, 770–71 (9th Cir. 2009) (quoting *White*, 21 Cal.4th at 576-77). Defendant does not seriously dispute Mr. Stanford, who is a member of Republic's operations team and reports directly to Republic's Chief Operating Officer, is a managing agent—or at least that a reasonable trier of fact could conclude he is. (Dtk. No. 58-14, Stanford Decl., at ¶¶ 1-2; Dkt. No. 63-36, Stanford Depo. 21:23-22:9.) While it is a somewhat closer call for Ms. Horner, who identifies herself as the "human resources business partner to Republic's corporate leadership team" managing a "team of corporate human resources managers and generalists" and supporting a team of 3,600 to 4,000 employees, drawing all reasonable inferences in Plaintiff's favor, a trier of fact could likewise conclude she was a managing agent. (Dkt. No. 58-16, Horner Decl. at ¶¶ 3-4.) Although Ms. Horner does not create Republic's corporate policies, she testified she does enforce

United States District Court
Northern District of California

them, and she was "the primary decision-maker" for Plaintiff's termination. (*Id*. at ¶ 6; Dkt. No. 74-21, Horner Depo. at 177:23-25.) So, a jury could reasonably conclude Horner was a managing agent for purposes of punitive damages because she exercised "substantial discretionary authority over decisions that ultimately determine corporate policy." *White*, 21 Cal.4th at 576-77; s*ee also Davis*, 220 Cal. App. 4th at 372 (concluding a trier of fact could conclude the EEO officer who was responsible for administering non-discrimination policies "had authority and discretion in making, interpreting, and applying [the] EEO policies on a corporationwide basis and therefore had authority and discretion to make decisions that ultimately determine corporate policy" and by not enforcing non-discrimination policies "exercised authority that resulted in the ad hoc formulation of corporate policy.").[2]

The statute defines malice as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). "'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." *Id*., § 3294(c)(2). The same factual disputes which preclude summary judgment on Plaintiff's discrimination, retaliation, and denial of accommodation claims preclude summary judgment as to whether Defendant acted with "oppression, fraud, or malice." *See McCaffrey v. Republic Servs., Inc.*, No. 23-CV-06224-SI, 2025 WL 360745, at *9 (N.D. Cal. Jan. 31, 2025) ("Just as a jury is best suited to determine whether defendant discriminated or retaliated against plaintiff, a jury is also best suited to determine whether such actions were so oppressive, malicious, or fraudulent as to warrant punitive damages."); *see also Colucci v. T-Mobile USA, Inc*., 48 Cal. App. 5th 442, 456 (2020) ("the jury could infer that the conflict-of-

---

[2] Defendant's reliance on *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 168 (2000), is misplaced as there the court concluded the evidence *at trial* "was insufficient, as a matter of law, to show that Kinsel was a managing agent." Because "the scope of a corporate employee's discretion and authority ... is ... a question of fact for decision on a case-by-case basis," and there is evidence from which a trier of fact could find Ms. Horner was a managing agent, the Court cannot decide this issue as a matter of law based solely on the written summary judgment record. *White*, 21 Cal.4th at 567.

interest rationale was contrived for many reasons, including that no one at T-Mobile had even asked Colucci about the underlying facts of the supposed conflict prior to firing him" and [c]onsequently, the jury in this case could reasonably find that Robson's retaliatory conduct was malicious or oppressive"); *Cloud v. Casey*, 76 Cal. App. 4th 895, 912 (1999) ("Evidence that the decision-maker attempted to hide the improper basis with a false explanation also supports the jury's determination that the conduct was willful and in conscious disregard of Ms. Cloud's rights.").

**CONCLUSION**

For the reasons stated above and on the record during the November 5, 2026 hearing, the Court DENIES Defendant's motion for summary judgment.

The final pretrial conference is CONTINUED to February 11, 2027 at 1:30 p.m. The parties' pretrial filings are due by **noon, February 4, 2027. Chambers copies of all pretrial filings shall be served on the Court by noon, February 5, 2027.**

This Order disposes of Docket No. 58.

**IT IS SO ORDERED.**

Dated: November 6, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California